UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3536-JAK (SP) | Date | May 25, 2016 |
|---|---|---|---|
| Title | BILAL JAMAL STRONG v. LOS ANGELES COUNTY JAIL | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust State Remedies**

On May 20, 2016, petitioner Bilal Jamal Strong filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). This court having reviewed the Petition, it appears that the Petition is subject to dismissal because, at a minimum, petitioner has not exhausted his state remedies with respect to any of the grounds for relief raised in his Petition. The court will not make a final determination regarding whether the Petition should be dismissed, however, without giving petitioner an opportunity to address the issue.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **June 15, 2016**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3536-JAK (SP) | Date | May 25, 2016 |
|---|---|---|---|
| Title | BILAL JAMAL STRONG v. LOS ANGELES COUNTY JAIL | | |

state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised three purported grounds for relief in his federal habeas Petition: (1) he was incompetent when he pled no contest; (2) post traumatic stress disorder / being held on parole violation when parole had been discharged; and (3) violation of his due process right to trial by a jury of his peers. The Petition indicates that none of the grounds it raises were presented to any California state court on direct appeal, or to the California Supreme Court in a habeas petition. Pet. at 5-6. Indeed, petitioner states he did not appeal his conviction or sentence, and that he has not filed any habeas petition in state court. Pet. at 3. Since apparently none of the grounds raised in the Petition have been ruled on by the California Supreme Court, none of the grounds raised have yet been exhausted. If this is correct, the Petition is subject to dismissal.

### Petitioner's Options

If petitioner contends he has in fact exhausted his state court remedies on the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **June 15, 2016**. Petitioner should attach to his response copies of any documents establishing that the grounds raised in the Petition are indeed exhausted.

Alternatively, petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3536-JAK (SP) | Date | May 25, 2016 |
|---|---|---|---|
| Title | BILAL JAMAL STRONG v. LOS ANGELES COUNTY JAIL | | |

U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Such dismissal request must also be filed on or before **June 15, 2016**.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**