UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL JAMAL STRONG, <br><br> Petitioner, <br><br> v. <br><br> LOS ANGELES COUNTY JAIL, <br><br> Respondent. | Case No. CV 16-3536-JAK (SP) <br><br> **MEMORANDUM OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## INTRODUCTION

On May 20, 2016, pro se petitioner Bilal Jamal Strong filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his incarceration in Los Angeles County Jail after the Superior Court revoked his probation for a 2015 misdemeanor conviction. Petitioner raises three grounds for relief the Petition: (1) he was incompetent when he pled no contest; (2) post traumatic stress disorder – being held on parole violation when parole had been discharged; and (3) violation of his due process right to trial by a jury of his peers.

On May 25, 2016, the Court issued an Order to Show Cause Why Petition Should Not Be Dismissed Due to Failure to Exhaust State Remedies. The Court explained the exhaustion requirement and ordered petitioner to submit a written response either indicating he had in fact exhausted his state remedies or, in the alternative, voluntarily dismissing the Petition. On June 22, 2016, petitioner filed a Response to the Order to Show Cause ("Resp."), in which petitioner presented several arguments as to why his Petition should not be dismissed.

After careful review and consideration, the Court finds the Petition must be dismissed. The Petition does not comply with the rules governing § 2254 filings, and in any event petitioner has not exhausted his state court remedies on any of his claims. As such, the Petition will be dismissed without prejudice.

## II.

## **PROCEEDINGS**

A record of the procedural history is not before the Court and the Petition fails to present an organized sequence of events. To the best of the Court's understanding, on July 29, 2015, in case number 5CA03113 in the Los Angeles County Superior Court, petitioner was charged with misdemeanor violations of California Penal Code §§ 422(a), 242-243(e)(1), 236. Resp. at 19-20.[1] Petitioner pleaded no contest (Pet. at 2), but marked "under duress" on the plea agreement. Resp. at 5. Petitioner was sentenced to probation and ordered to attend domestic violence classes. Pet. at 2.

On February 17, 2016, petitioner was taken into custody for violating the terms of his probation. Resp. at 3. On April 14, 2016, while in custody, petitioner sent a letter to the Los Angeles County Superior Court. *See id.* at 12. The court issued a response to the letter and advised petitioner to seek additional assistance

---

[1] Page references correspond to the pages as numbered by the Court's electronic case filing system.

from the appropriate supervisors within the Sheriff's Department, the Sheriff's Internal Affairs Unit, or the Internal Criminal Investigative Bureau. *Id.* On June 2, 2016, the court revoked petitioner's probation and fined him $720. *Id.* at 3, 9.

### III.
### DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to dismiss summarily a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4 also authorizes dismissals on procedural grounds. *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Under this standard, the instant Petition must be dismissed because it is defective in form, and contains only unexhausted claims.

**A.    The Petition Does Not Comply with Rule 2(c)**

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts affirmatively requires that every petition "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Here, the Court cannot even tell which conviction, sentencing, or other proceeding petitioner is challenging. Petitioner fails to provide the date of conviction or sentencing from which he seeks relief. He vaguely refers to a "proceeding" in his first ground for relief, but fails to indicate which proceeding – his initial conviction and sentencing, or his probation revocation hearing. Petitioner also indicates he was released on probation, but refers to parole in his second and third grounds for relief and fails to make clear which conviction these ground reference, or if he is referring to the same proceeding as in ground one.[2] Petitioner's disorganized filing is devoid of supporting facts, making it virtually

---

[2] Petitioner indicates he had "been violated three (3) times in three (3) different state Court rooms." Resp. at 4.

impossible to ascertain with certainty from which conviction he seeks relief. *See Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013) ("A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it."); *Mayfield v. Scribner*, 2008 WL 789926, at *5 (S.D. Cal. Mar. 21, 2008) (quoting *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) ("The petition should allow the court to determine 'from the face of the petition alone, whether the petition merits further habeas corpus review.'").

If the sole defect in the Petition were a lack of organization and failure to comply with Rule 2(c), the Court would grant petitioner leave to amend. *See Adams*, 897 F.2d 332 (dismissing Rule 2(c) noncompliant petition with leave to refile). But as discussed below, the Petition suffers from another fatal flaw rendering amendment futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *accord Gonzales v. Ryan*, 2014 WL 4476588, at *4 (D. Arizona Sept. 10, 2014) ("If the proposed claims are untimely, unexhausted, or otherwise fail as a matter of law, amendment should be denied as futile.").

**B.    Petitioner Failed to Exhaust Any of His Claims**

There is nothing in the record to indicate petitioner has raised any of the claims in the instant Petition before the California Supreme Court. The Petition states none of the claims was raised on direct appeal or in a habeas petition to the California Supreme Court. Pet. at 5-6. And, petitioner effectively confirms that all of his claims are totally unexhausted in his Response to the Court's Order to Show Cause. *See* Resp. at 1-28 (purporting to present "facts that show a fair opportunity was given to the state courts," including the letter sent to the Los Angeles County Superior Court, but presenting no evidence of any state appeals or state habeas petitions having been filed and making no such claim).

It is well established that, before a state prisoner may challenge his state conviction in federal court through a federal habeas petition, he must first exhaust his federal grounds for relief in state court. 28 U.S.C. § 2254(b); *see also Duncan*

4

*v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claims to the state courts, "to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365 (internal quotation marks and citation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004) (citations omitted).

Under some limited circumstances, the exhaustion requirement is excused. Exhaustion may be excused when "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Additionally, exhaustion may not be required if resorting to state remedies would be futile. *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981) (finding exhaustion to be futile where the highest state court recently addressed the same issue and resolved it adversely to petitioner).

In his Response to the Order to Show Cause, petitioner did not request the Court to excuse this requirement. Rather, petitioner argues he should be permitted to proceed in federal court because he has sent many letters to various organizations, including the Superior Court, detailing how his rights have been violated, yet he has received no relief. *See* Resp. at 1-28. Although, the Court can recognize petitioner's apparent frustration with this response, petitioner has presented nothing to indicate the state corrective system is unavailable to him or that seeking relief would be ineffective or futile. Indeed, to the extent petitioner is challenging his probation revocation, that apparently did not even conclude until June 2, 2016, after he filed the instant federal Petition. Thus, there is no reason to

believe he has been prevented from appealing the matter in the state courts, or that such appeal would be futile. As such, petitioner is not entitled to "bypass the state courts simply because he thinks they will be unsympathetic to the claim." *Engle v. Issac*, 456 U.S. 107, 109, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982).

In short, the Petition is completely unexhausted. Because petitioner did not avail himself of the effective available state corrective process, petitioner may not proceed on these unexhausted claims. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("Once a district court determines that a habeas petition contains only unexhausted claims, . . . it may simply dismiss the habeas petition for failure to exhaust.") (citation omitted). Dismissing the Petition without prejudice does not foreclose petitioner's ability to submit a future federal habeas petition. But to avoid dismissal of any future petition, petitioner must comply with both the exhaustion requirement and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.

DATED: August 17, 2016

_____
HONORABLE JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
United States Magistrate Judge